**Opinion filed July 9, 2009**



In The

# Eleventh Court of Appeals

_____

## No. 11-08-00292-CR

_____

## DAVID CRAIG HOWARD, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 29th District Court**

**Palo Pinto County, Texas**

**Trial Court Cause No. 13742**

## M E M O R A N D U M   O P I N I O N

The jury convicted David Craig Howard of possession of methamphetamine in a correctional facility, and the trial court assessed punishment at confinement for thirty-five years. We dismiss.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that she has concluded that the appeal is frivolous. Counsel presents five potential issues.

In three potential issues, counsel examines the sufficiency of the evidence. As counsel notes, the record does not support the conclusions that the evidence is legally or factually insufficient. Mineral Wells Police Officer Gary Chipps testified that, while appellant was in the Mineral Wells city jail, a folded dollar bill was recovered from appellant. Inside the dollar bill, officers found a white powdery substance that was later identified as methamphetamine. The evidence is both legally and factually sufficient to support the verdict. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). The second, third, and fourth potential issues are overruled.

In the fifth potential issue, counsel examines the effectiveness of trial counsel. We agree with counsel's conclusion that the record does not support a claim of ineffective assistance and with counsel's position that the record, in fact, supports the proposition that appellant was provided with effective assistance at trial. *Wiggins v. Smith*, 539 U.S. 510 (2003); *Strickland v. Washington*, 466 U.S. 668 (1984); *Andrews v. State*, 159 S.W.3d 98 (Tex. Crim. App. 2005); *Hernandez v. State,* 988 S.W.2d 770 (Tex. Crim. App. 1999). The fifth potential issue is overruled.

In the first potential issue and included in the arguments under the other potential issues, counsel examines whether reversible error was committed and whether appellant received a fair and impartial trial. The record supports counsel's conclusions that error, if any, was not harmful and that appellant received a fair and impartial trial. The first potential issue as well as the various arguments are overruled.

Counsel has provided appellant with a copy of the brief and advised appellant of his right to review the record and file a response to counsel's brief. A response has been filed. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

In his pro se response, appellant brings three challenges to his conviction: the evidence is legally insufficient; the indictment failed to give proper notice of the penal statute and the offense; and the trial court erred in failing to suppress evidence seized in violation of his right to be "Mirandized."[1] The Texas Court of Criminal Appeals stated in *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005), that the court of appeals is to review appellant's pro se claims and examine the record in order to determine whether the record reflects no reversible error and, therefore, the appeal should be dismissed or whether arguable grounds exist and, therefore, new counsel should be appointed. We have complied with the requirements in *Bledsoe* and have found no reversible error.

Following the procedures outlined in *Anders*, we have independently reviewed the record, and we agree that the appeal is without merit. We note that counsel has the responsibility to advise appellant that he may file a petition for discretionary review by the Texas Court of Criminal Appeals. *Ex parte Owens*, 206 S.W.3d 670 (Tex. Crim. App. 2006). Likewise, this court advises appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 66. *Black v. State*, 217 S.W.3d 687 (Tex. App.—Eastland 2007, no pet.).

The motion to withdraw is granted, and the appeal is dismissed.


PER CURIAM


July 9, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).